UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD JONES,

        Plaintiff,

v.                                    Case No. 2:22-cv-2-JLB-NPM

BANK OF AMERICA and
STATE OF FLORIDA,

        Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Donald Jones filed an affidavit of indigency (Doc. 2), which is construed as a motion to proceed in forma pauperis, that is, a request to prosecute a civil action without the payment of a filing fee and with the government's assistance to effect service of process. But since its filing, Jones has filed a motion to withdraw his request to proceed in forma pauperis (Doc. 7), and he has paid the $402 filing fee (Doc. 5). Nevertheless, his complaint (Doc. 1) must be dismissed for lack of subject matter jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

Federal courts are courts of limited and not general jurisdiction, and they are duty bound to examine their subject-matter jurisdiction on their own initiative

whenever it may be lacking. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Once a court determines it has no subject-matter jurisdiction, it "must dismiss the compliant in its entirety." *Id.*

In federal court, there are two types of original jurisdiction: (1) federal question under 28 U.S.C. § 1331; and (2) diversity under 28 U.S.C. § 1332(a). To have federal-question jurisdiction, a question "arising under" federal law must appear on the face of a well-pleaded complaint. 28 U.S.C. § 1331; *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-831 (2002). "A district court may dismiss a federal question claim for lack of subject matter jurisdiction when: (1) the alleged federal claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction;' or (2) the claim is 'wholly insubstantial and frivolous.'" *Douse v. Metro Storage, LLC*, 770 F. App'x 550, 550 (11th Cir. 2019) (quoting *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998)). Claims are wholly insubstantial and frivolous when they have "no plausible foundation." *Foley v. Orange Cty.*, 638 F. App'x 941, 943 (11th Cir. 2016) (quoting *Sanders*, 138 F.3d at 1352).

Jones is no stranger to this court, and this purported action is the latest iteration of his various attempts to obtain federal court review of, and simply delay, his state-court foreclosure proceeding. By lodging complaints, like the one here, that vaguely and conclusorily assert that the enforcement of his mortgage constitutes

2

discrimination, fraud, and the violation of his constitutional rights—and asserting along the way that judges who do not grant him relief are simply corrupt—Jones has thwarted the presumably unpaid lender's efforts to complete the foreclosure process for over six years.

We have repeatedly dismissed these complaints for failure to plead subject matter jurisdiction. *See Jones v. Bank of Am.*, No. 2:16-cv-597-JES-MRM, 2016 WL 7367872 (M.D. Fla. Dec. 20, 2016) (dismissing for failure to plead subject matter jurisdiction Jones's complaint against his lender and the State of Florida concerning the lender's state-court foreclosure action), *appeal dismissed for want of prosecution*, No. 16-17790-E, 2018 WL 3326648 (11th Cir. Jan. 29, 2018); *Jones v. Bank of Am.*, No. 2:18-cv-649-SPC-UAM, 2019 WL 2206904 (M.D. Fla. Apr. 16, 2019) (dismissing for failure to plead subject matter jurisdiction Jones's complaint against his lender and loan servicer), *appeal dismissed for want of prosecution*, No. 19-11531-K (11th Cir. Sept. 27, 2019); *Jones v. Bank of Am.*, No. 2:19-cv-646-SPC-NPM, 2020 WL 570023 (M.D. Fla. Feb. 5, 2020) (dismissing for failure to plead subject matter jurisdiction Jones's complaint against his lender and the State of Florida concerning the lender's state-court foreclosure action), *appeal dismissed for want of prosecution*, No. 20-10548-H, 2020 WL 8571840 (11th Cir. Oct. 15, 2020); *see also Jones v. Bank of Am.*, 565 F. App'x 794 (11th Cir. 2014) (affirming

dismissal for failure to plead federal-question jurisdiction Jones's complaint against his lender).

Even liberally construed, any suggestion of a federal question here is insubstantial and frivolous. *See Foley*, 638 F. App'x 941 at 945-946. The crux of the complaint is that after a November 1, 2021 hearing on Jones's motion for relief from the final judgment of foreclosure, the lender sent the state-court judge a proposed order denying the motion,[1] the judge signed it, and a "fake" copy of the signed order was mailed to Jones by the lender rather than the state court. And based on this, Jones seeks a jury trial for a "civil rights violation" and age discrimination. (Doc. 1).

While Jones's pro se claims are construed liberally, the court cannot "serve as de facto counsel" or "rewrite an otherwise deficient pleading." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-1169 (11th Cir. 2014) (citation omitted). Nor may the court "hypothesize federal claims" for him. *Caldwell v. U.S. Dep't of Veterans Affairs*, No. 8:14-cv-2708-T-33EAJ, 2015 WL 370012, *3 (M.D. Fla. Jan. 27, 2015). Jones neither cites a constitutional provision nor a federal statute, and he does not allege a single element of any federal claim. Thus, putting aside the various avenues for relief available to him in the state-court system if the order that he complains

---

[1] Given the limited resources of state courts, it is a common, if not vital, part of state-court practice for the parties to prepare and submit proposed orders for adoption. *See* Fla. R. J. Admin. 2.516(h)(1) ("The court may require that orders or judgments be prepared by a party ….").

about does not, in fact, reflect the state court's ruling, Jones's allegations come nowhere close to vesting this court with federal-question jurisdiction.[2]

And for the court to have diversity jurisdiction, the complaint must allege an amount in controversy over $75,000 and complete diversity between adverse parties. 28 U.S.C. § 1332(a); *Arbaugh*, 546 U.S. at 513. But the complaint has no allegations whatsoever about the amount in controversy or the citizenship of the parties, and with the state of Florida as a named defendant the caption alone precludes a finding of diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Despite having received—over the past ten years—multiple orders, magistrate judge reports, and even an Eleventh Circuit opinion explaining the minimum allegations necessary to invoke this court's subject matter jurisdiction (in the cases cited above), the complaint shows not even the slightest effort to comply. In light of this overall litigation history—involving no less than six amendments that ultimately failed to properly allege subject-matter jurisdiction—the just and reasonable conclusion is that granting any further leave to amend would be futile. *See Jones*, 2020 WL 570023 at *2.

---

[2] The court has repeatedly explained to Jones the minimum allegations necessary to invoke federal-question jurisdiction. *See, e.g.*, *Jones v. Bank of Am.*, No. 2:18-cv-649-SPC-UAM, 2018 WL 6620587, *2-3 (M.D. Fla. Nov. 28, 2018); *Jones v. Bank of Am.*, No. 2:16-cv-597-JES-MRM, 2016 WL 11468582, *2-3 (M.D. Fla. Nov. 30, 2016).

Accordingly, Jones's complaint should be **DISMISSED without prejudice**, and the Clerk should be directed to deny all pending motions, terminate any scheduled events, and close the file.

Respectfully recommended on March 7, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**