UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD JONES,

    Plaintiff,

v.                                                  Case No. 2:22-cv-2-JLB-NPM

BANK OF AMERICA and STATE OF
FLORIDA,

    Defendants.
_____/

# ORDER

The Magistrate Judge has entered a Report and Recommendation, recommending that the Court dismiss pro se Plaintiff Donald Jones's complaint (Doc. 1) without prejudice and without leave to amend. (Doc. 8.) Plaintiff filed a "Motion Answer Magistrate Mizell Report and Recommendation," which the Court construes as a timely objection to the Report and Recommendation. (Doc. 11.) Also pending is Plaintiff's "Motion for the Court to Disqualify Magistrate Mizell U.S.Code 455(A)(B)." (Doc. 10.)

Upon an independent review of the record, the Report and Recommendation, and Plaintiff's construed objection (Doc. 11), the Court dismisses Plaintiff's complaint without prejudice and with leave to amend. Additionally, the motion to disqualify the Magistrate Judge is due to be denied.

## BACKGROUND

On January 3, 2022, Plaintiff filed his pro se complaint against Defendants Bank of America and the State of Florida, asserting that proceedings to foreclose on

his mortgage in state court constituted discrimination, fraud, and a civil rights violation. (Doc. 1 at 1–2.) As best the Court can determine, he appears to allege that after a hearing on his motion for relief from the final judgment of foreclosure, Bank of America "sent a fake order" denying his motion to reschedule trial "using a stamp for the judge signature and date." (Id. at 1; Doc. 1-1 at 5–8.) Plaintiff concludes that, because the state court's various orders were not vacated, he was denied a "fair trial." (Doc. 1 at 1.)

Also on January 3, 2022, Plaintiff filed an affidavit of indigency, which the Court construes as a motion for leave to proceed in forma pauperis. (Doc. 2.) He subsequently paid the court filing fee and, on March 7, 2022, filed a "Motion to Remove His Motion to Leave to Proceed Forma Pauperis." (Docs. 5, 7.) The same day, the Magistrate Judge entered a Report and Recommendation, recommending that, notwithstanding the payment of the filing fee, the complaint be dismissed for lack of subject matter jurisdiction. (Doc. 8.) Specifically, the Magistrate Judge determined that there was no basis for either federal question or diversity jurisdiction. (Id. at 3–6.)

Plaintiff then filed several motions: a "Motion to the Court to Put the Delay of This Case Under Scrutiny" (Doc. 9); a "Motion for the Court to Disqualify Magistrate Mizell U.S.Code 455(A)(B)" (Doc. 10); and a "Motion Answer Magistrate Mizell Report and Recommendation," which the Court construes as a timely objection to the Report and Recommendation (Doc. 11).

2

**DISCUSSION**

Upon review, because Plaintiff's allegations do not clearly establish this Court's subject matter jurisdiction, dismissal of his complaint without prejudice and with leave to amend is warranted. Further, Plaintiff's request to disqualify the Magistrate Judge is denied.

**I.   Dismissal without prejudice and with leave to amend is warranted.**

The Magistrate Judge recommends dismissing the complaint for lack of subject matter jurisdiction, finding that the complaint presents no basis for federal question or diversity jurisdiction. (Doc. 8.)[1] Specifically, as to whether the complaint presented a federal question, the Magistrate Judge determined that, "[e]ven liberally construed, any suggestion of a federal question here is insubstantial and frivolous. See [Foley v. Orange Cnty., 638 F. App'x 941, 945–46 (11th Cir. 2016)]." (Id. at 4.) And as to diversity jurisdiction, the Magistrate Judge observed as follows:

> [F]or the court to have diversity jurisdiction, the complaint must allege an amount in controversy over $75,000 and complete diversity between adverse parties. 28 U.S.C. §

---

[1] A district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. Here, even if the issue did not come to the Court on a report and recommendation, the result would have been the same. Indeed, courts are required to examine their subject matter jurisdiction on their own initiative whenever it may be lacking. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); see also Hawk v. Bank of Am., N.A., No. 1:14-cv-03517-ELR-JFK, 2015 WL 11347596, at *7 n.10 (N.D. Ga. Feb. 17, 2015), report and recommendation adopted as modified, 2015 WL 11347683 (N.D. Ga. Apr. 15, 2015) (collecting cases and observing that "parties are not harmed by [a] court sua sponte addressing subject matter jurisdiction" in a report and recommendation).

> 1332(a); [Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006)].
> But the complaint has no allegations whatsoever about the
> amount in controversy or the citizenship of the parties, and
> with the state of Florida as a named defendant the caption
> alone precludes a finding of diversity jurisdiction. See 28
> U.S.C. § 1332(a).

(Id. at 5.)

In his construed objection, Plaintiff contends that "[t]he magistrate stated that it a [sic] deficient pleading is he saying he doesn't know the constitution or he saying the plaintiff is a pro se and he doesn't know the constitution. The magistrate state that the case had no subject-matter juisdiction [sic] The federal court under article 111 hear all case under the constitution see [Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908)]." (Doc. 11 at 1.) In his motion to disqualify the Magistrate Judge, Plaintiff also appears to assert that his property is valued at an amount more than $75,000. (Doc. 10 at 1, 3.)

Upon review, the Court agrees with the well-reasoned Report and Recommendation that Plaintiff's claims, as currently pleaded, do not present a basis for subject matter jurisdiction. First, the Magistrate Judge correctly determined that no question arising under federal law appears on the face of the complaint. See 28 U.S.C. § 1331; Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). Indeed, the complaint identifies no federal statute or constitutional right, and Plaintiff merely requests that this Court "[g]rant the plaintiff a jury trial for civil rights violation, Age discriminate [sic], Frand [sic], Suffering. Pain." (Doc. 1 at 2.) While he does mention the Fourteenth Amendment

4

in subsequent filings (Docs. 10, 11), the Fourteenth Amendment is not referenced in his complaint.  Further, the factual basis underlying any such claim is unclear.

As noted, Plaintiff appears to complain that after a hearing on his motion for relief from the final judgment of foreclosure, Bank of America "sent a fake order" denying his motion to reschedule trial "using a stamp for the judge signature and date."  (Id. at 1; Doc. 1-1 at 5–8.)  As currently pleaded, these facts do not appear to support a civil rights violation or age discrimination claim, and the claims thus "clearly appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction" or are "wholly insubstantial and frivolous."  Douse v. Metro Storage, LLC, 770 F. App'x 550, 550 (11th Cir. 2019).[2]

Turning to diversity jurisdiction, Plaintiff does not expressly object to the Magistrate Judge's findings in his construed objection.  (Doc. 11 at 1.)  In other filings, however, Plaintiff appears to take issue with the findings, asserting without elaboration that his property is valued at an amount greater than $75,000.  (Doc. 10 at 1.)  Even if true, however, Plaintiff does not explain how his allegations satisfy the amount-in-controversy requirement where he seeks relief "for civil rights violation, Age discrimate [sic], Frand [sic], Suffering.  Pain."  (Doc. 1 at 2.)  Further,

---

[2] As to the issue of federal question jurisdiction, Plaintiff is not writing on a blank slate.  Indeed, his prior complaints have been repeatedly dismissed for, among other things, failure to plead subject matter jurisdiction.  See Jones v. Bank of Am., No. 2:16-cv-597-JES-MRM, 2016 WL 7367872 (M.D. Fla. Dec. 20, 2016); Jones v. Bank of Am., No. 2:18-cv-649-SPC-UAM, 2019 WL 2206904 (M.D. Fla. Apr. 16, 2019); Jones v. Bank of Am., No. 2:19-cv-646-SPC-NPM, 2020 WL 570023 (M.D. Fla. Feb. 5, 2020); see also Jones v. Bank of Am., 565 F. App'x 794 (11th Cir. 2014) (affirming dismissal for lack of subject matter jurisdiction).

although he has a Florida address, there are no allegations as to the citizenship of any party. See Kantrow v. Celebrity Cruises Inc., 533 F. Supp. 3d 1203, 1215 (S.D. Fla. 2021) ("Because Plaintiffs alleged their state of residency and not their state of citizenship, they have failed to properly plead their citizenship for purposes of diversity jurisdiction."). And as the Magistrate Judge correctly noted, the inclusion of the State of Florida as a defendant also defeats diversity jurisdiction. See Orchid Quay, LLC v. Suncor Bristol Bay, LLC, 178 F. Supp. 3d 1300, 1302 (S.D. Fla. 2016) (collecting cases and noting that "[d]iversity jurisdiction does not exist when a state or the arm of a state is a party").

In short, the allegations in the complaint do not establish either federal question or diversity jurisdiction, and Plaintiff's construed objections are overruled. Because the allegations in this complaint and factual basis of Plaintiff's claims appear to differ from those raised in Plaintiff's prior actions, however, the Court will allow Plaintiff one opportunity to amend. Any amended complaint must establish this Court's subject matter jurisdiction over this action. Failure to do so will result in dismissal of this action without further notice.

## II.     Plaintiff's motion to disqualify the Magistrate Judge is denied.

Following the entry of the Report and Recommendation, Plaintiff filed a motion to disqualify the assigned Magistrate Judge. (Doc. 10.) Plaintiff appears to assert that, contrary to the Magistrate Judge's purported findings, his property is valued at an amount greater than $75,000. (Id. at 1.) He also contends that the

6

Magistrate Judge has a "conflict of interest" based on the Magistrate Judge's determinations in a prior action. (Id.)[3]

The motion is due to be denied. First, contrary to the Local Rules, the motion does not include a legal memorandum supporting the request. See M.D. Fla. Local Rule 3.01(a). Indeed, apart from the inclusion of "U.S.Code 455(A)(B)" in the motion's title, Plaintiff cites no authority whatsoever in support of his request. (Doc. 10 at 1.) This is insufficient and, by itself, a basis for denial.

Second, Plaintiff presents no valid basis for recusal. Under 28 U.S.C. § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The test under § 455(a) is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Johnson v. Wilbur, 375 F. App'x 960, 965 (11th Cir. 2010) (quotation omitted). Notably, "a motion for recusal may not ordinarily be predicated upon the judge's rulings in the same or a related case." Jaffe v. Grant, 793 F.2d 1182, 1189 (11th Cir. 1986) (quotation omitted). In short, any disagreement Plaintiff may have with the Magistrate Judge's determinations in this or any other case, standing

---

[3] In that case, Plaintiff moved to disqualify the assigned magistrate judge and to put the assigned district judge "under scrutiny" based on the magistrate judge's assessments in the case. See Jones v. Bank of Am., No. 2:19-cv-646-SPC-NPM (M.D. Fla. Sept. 23, 2019), ECF No. 7. The motion and Plaintiff's subsequent motions for reconsideration were denied. Id. ECF Nos. 10, 13, 15.

7

alone, is not a sufficient predicate for recusal. Further, to the extent Plaintiff may rely on section 455(b), he identifies no circumstances warranting disqualification.

In summary, the motion to disqualify the Magistrate Judge is denied, and Plaintiff is permitted one final opportunity to amend his complaint consistent with this Order and the Report and Recommendation.

## CONCLUSION

After an independent review of the record, it is **ORDERED**:

1. The Report and Recommendation (Doc. 8) is **ADOPTED with modifications**.

2. Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** and **with leave to amend**. Plaintiff may file an amended complaint on or before July 18, 2022. If he fails to timely file an amended complaint or correct the deficiencies noted in this Order and the Report and Recommendation, the Court will dismiss this action without further notice.

3. Plaintiff's Motion to Remove His Motion to Leave to Proceed Forma Pauperis (Doc. 7) is **GRANTED** to the extent that his construed motion for leave to proceed in forma pauperis (Doc. 2) is **DENIED as moot**.

4. Plaintiff's Motion to the Court to Put the Delay of This Case Under Scrutiny (Doc. 9) is **DENIED as moot**.

5. Plaintiff's Motion for the Court to Disqualify Magistrate Mizell U.S.Code 455(A)(B) (Doc. 10) is **DENIED**.

6. Plaintiff's Motion Answer Magistrate Mizell Report and Recommendation (Doc. 11), construed as an objection to the Report and Recommendation, is **DENIED**.

**ORDERED** in Fort Myers, Florida, on June 30, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

9