UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD JONES,

      Plaintiff,

v.                                                                    Case No. 2:22-cv-2-JLB-NPM

BANK OF AMERICA and STATE OF
FLORIDA,

      Defendants.

_____/

## ORDER

Before the Court is <u>pro se</u> Plaintiff Donald Jones's "Motion Answer Badaloamenti [sic] Order and to Clarify His Statement Calling the Motion to Leave to Proceed In Forms [sic] Pauperis as Moot," which is construed as a motion for reconsideration of the order dismissing his complaint without prejudice and with leave to amend. (Doc. 13.) Upon review, reconsideration is unwarranted, and this action is due to be dismissed without prejudice.

## BACKGROUND

This case's procedural history is outlined in prior orders. (Doc. 12 at 1–2.) In short, this Court adopted a report and recommendation, recommending that Plaintiff's complaint be dismissed without prejudice based on Plaintiff's failure to establish this Court's subject matter jurisdiction. (<u>Id.</u> at 3–6.) Plaintiff was afforded leave to amend his complaint on or before July 18, 2022, and was advised that "[i]f he fails to timely file an amended complaint or correct the deficiencies noted in this Order and the Report and Recommendation, the Court will dismiss

this action without further notice." (Id. at 8.)  In the same order, the Court denied

Plaintiff's motion to disqualify the assigned Magistrate Judge.  (Id. at 6–8.)

Rather than file an amended complaint, Plaintiff filed his "Motion Answer

Badaloamenti [sic] Order and to Clarify His Statement Calling the Motion to Leave

to Proceed In Forms [sic] Pauperis as Moot," in which he asserts that the prior order

is "unconscionable and frivolous his magistrate violation the plaintiff equal rights . .

. in case Jones v. Bank america case no. 2:19-cv-646." (Doc. 13 at 1.)  He also

appears to challenge this Court's determination that he failed to adequately

establish diversity jurisdiction, again asserting that his home is valued at $93,223.

(Id. at 1, 3–4.)  Finally, he maintains that "in [his] motion he stated that the state

court denied him a trial violation of his 14th Amendment right section 1331, Title

28.  This judge is saying the plaintiff statement of facts in his complaint stated a

violation of his 14th amendment however the plaintiff must spelled it out word for

word." (Id. at 2.)  Plaintiff concludes by requesting this Court to "allow him to take

his case to the court of appeal."  (Id.)  Upon review, Plaintiff has shown no basis for

reconsideration.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows parties to move "to alter or

amend a judgment" no later than twenty-eight days after the entry of judgment.

Fed. R. Civ. P. 59(e).  "The Rule gives a district court the chance to rectify its own

mistakes in the period immediately following its decision." Banister v. Davis, 140 S.

Ct. 1698, 1703 (2020) (quotation omitted).  A motion under Rule 59(e) cannot be

used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (citations omitted). Courts recognize three grounds to support a motion under Rule 59(e): (1) an intervening change in controlling law; (2) newly discovered evidence; and (3) manifest errors of law or fact. Banister, 140 S. Ct. at 1703 n.2; Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted). A manifest error "amounts to a wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Shuler v. Garrison, 718 F. App'x 825, 828 (11th Cir. 2017) (quotation omitted).

And Rule 60(b) provides relief from an order in the following circumstances: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or based on an earlier judgment that has been reversed or vacated; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b)(1) "encompasses mistakes in the application of the law." Parks v. U.S. Life & Credit Corp., 677 F.2d 838, 840 (11th Cir. 1982). Further, relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

## DISCUSSION

As noted, Plaintiff has not demonstrated any basis for reconsideration. Instead, he impermissibly seeks to relitigate old matters and raise arguments that could have been raised, or were raised, prior to this Court's order dismissing his complaint with leave to amend.

First, as to Plaintiff's motion to disqualify the Magistrate Judge, this Court noted that Plaintiff failed to include a legal memorandum supporting his request for relief, and that he presented no valid basis for recusal.  (Doc. 12 at 7.)  Indeed, "a motion for recusal may not ordinarily be predicated upon the judge's rulings in the same or a related case."  Jaffe v. Grant, 793 F.2d 1182, 1189 (11th Cir. 1986).

Second, as to the dismissal of Plaintiff's complaint for lack of subject matter jurisdiction, this Court agreed with the Magistrate Judge that there was "no question arising under federal law . . . on the face of the complaint," and that any federal claim was "immaterial and made solely for the purpose of obtaining jurisdiction" or was "wholly insubstantial and frivolous."  (Doc. 12 at 4–5.)  Although Plaintiff did mention the Fourteenth Amendment in his subsequent filings (including his most recent), the Fourteenth Amendment was not mentioned in his complaint, and "the factual basis underlying any such claim is unclear."  (Id. at 5.)  And as to diversity jurisdiction, even assuming Plaintiff's property is valued at an amount greater than $75,000, Plaintiff failed to "explain how his allegations satisfy the amount-in-controversy requirement where he seeks relief 'for civil rights violation, Age discrimate [sic], Frand [sic], Suffering. Pain.'"  (Id. at 5 (quoting Doc.

1 at 2).)  Further, as noted, the complaint is devoid of allegations as to the citizenship of any party.  (Id. at 5–6.)

In summary, Plaintiff has set forth no basis for reconsideration.  To the extent he seeks clarification as to this Court's denial of his motion for leave to proceed in forma pauperis as "moot," as explained, after filing the motion Plaintiff paid the court filing fee and moved to withdraw the motion.  (Docs. 2, 5, 7.)

Lastly, the Court notes that instead of filing an amended complaint that corrects these pleading deficiencies, Plaintiff filed a motion which is liberally construed as a motion for reconsideration.  The deadline to file an amended pleading has since expired, and Plaintiff was cautioned that failure to "timely file an amended complaint or correct the deficiencies noted" will result in dismissal of the action "without further notice."  (Doc. 12 at 8.)

In light of this procedural history, and mindful of Plaintiff's request to "take his case to the court of appeal" (Doc. 13 at 2), it is **ORDERED**:

1.    To the extent Plaintiff seeks clarification as to this Court's denial of his motion for leave to proceed in forma pauperis as moot, the motion was denied as moot because Plaintiff paid the court filing fee and moved to withdraw the motion.

2.    Plaintiff's "Motion Answer Badaloamenti [sic] Order and to Clarify His Statement Calling the Motion to Leave to Proceed In Forms [sic] Pauperis as Moot," construed as a motion for reconsideration, is otherwise **DENIED**.  (Doc. 13.)

5

3.      This action is **DISMISSED without prejudice**.

4.      The Clerk of Court is **DIRECTED** to **CLOSE** the file and terminate

any pending motions and deadlines.

**ORDERED** in Fort Myers, Florida, on July 25, 2022.

_____

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE